UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA ex rel. LAWRENCE OWENS, | ) ) | |
|---|---|---|
| | ) | No. 08 C 7159 |
| Petitioner, | ) ) | |
| v. | ) ) | Judge Thomas M. Durkin |
| STEPHEN DUNCAN, Warden, Lawrence Correctional Center | ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

The Seventh Circuit issued a writ of habeas corpus for Petitioner Lawrence Owens, and required the state court to retry or release Petitioner within 120 days of the date on which the writ was issued. Respondent sought an extension of that deadline from this Court, which was denied. *See* R. 175. Respondent seeks relief from that judgment pursuant to Federal Rule of Civil Procedure 60(b), and asks the Court to "recall the writ of habeas corpus and order that petitioner be returned to the custody of respondent pending resolution of respondent's appeal in the United States Supreme Court." R. 176, ¶ 4. For the following reasons, Respondent's motion is denied.

**BACKGROUND**

In November 2000, Petitioner was convicted in state court of first degree murder and sentenced to twenty-five years in prison. Petitioner sought relief through state appellate and postconviction proceedings, and filed a habeas petition

in federal court. Petitioner's habeas petition alleged a denial of due process based on improper extrajudicial findings as well as ineffective assistance of counsel. On May 29, 2012, Judge Pallmeyer denied Petitioner's habeas petition with respect to the due process claim but granted Petitioner an evidentiary hearing with respect to his ineffective assistance of counsel claim. *United States ex rel. Owens v. Acedevo*, 2012 WL 1416432 (N.D. Ill. May 29, 2012). Thereafter, Petitioner's habeas petition was reassigned to this Court. After holding an evidentiary hearing, this Court denied Petitioner's habeas petition with respect to his ineffective assistance of counsel claim. *Owens v. Hodge,* 2014 WL 539125 (N.D. Ill. Feb. 11, 2014). This Court also denied Petitioner's certificate of appealability.

On May 12, 2014, the Seventh Circuit allowed Petitioner a limited certificate of appealability on the due process issue of extrajudicial findings only. On March 23, 2015, the Seventh Circuit reversed the order denying Petitioner habeas relief based on his due process claim of extrajudicial findings. The Seventh Circuit's ruling "g[a]ve the state 120 days in which to decide whether to retry" Petitioner, and, if the state did not "decide within that period to retry him," the Seventh Circuit ordered that Petitioner "be released from prison." *Owens v. Duncan*, 781 F.3d 360, 366 (7th Cir. 2015).

On March 26, 2015, Respondent filed a motion in the Seventh Circuit to stay that court's mandate pending Respondent's filing of a petition for writ of certiorari in the United States Supreme Court. On March 30, 2015, the Seventh Circuit

2

denied Respondent's stay motion. On April 14, 2015, the Seventh Circuit issued its mandate to this Court.

On April 21, 2015, Respondent filed an application in the Supreme Court to recall and stay the Seventh Circuit's writ of habeas corpus pending Respondent's filing and disposition of a petition for writ of certiorari. On May 11, 2015, Respondent's recall and stay application in the Supreme Court was denied by Justice Kagan.

Respondent filed his petition for writ of certiorari on June 22, 2015. Respondent then filed a status report in this Court asking this Court to extend the Seventh Circuit's deadline until such time as the Supreme Court ruled on Respondent's pending petition for writ of certiorari. On July 29, 2015, the Court denied this request. R. 175.[1]

Also on July 29, 2015, Respondent filed another application in the Supreme Court asking that Court to recall and stay the Seventh Circuit's writ pending disposition in the Supreme Court. Justice Kagan once again denied Respondent's

---

[1] Respondent also asked this Court, in the alternative, to construe the Seventh Circuit's mandate narrowly by focusing on the language in the Seventh Circuit's opinion directing Respondent only to "*decide* within [120 days] [whether] to retry" Petitioner. In furtherance of this narrow construction, Respondent submitted an affidavit of Assistant Cook County State's Attorney Michael Golden stating that "it is the intention of the Cook County State's Attorney's Office to retry Lawrence Owens for the first degree murder of Ramon Nelson if and when the case is remanded to the Circuit Court of Cook County, Illinois." R. 166-1. Construing the Seventh Circuit's mandate as requiring the state not to actually initiate retrial proceedings within 120 days but only "to decide" to retry Petitioner within that time period would contravene the spirit of the Seventh Circuit's mandate if not the letter, and would set a precedent that would allow the state in future cases to make a "decision" and then delay implementing that decision for an indefinite period of time. For these reasons, the Court rejected this request as well.

3

application. On August 4, 2015, Respondent re-filed his second application to recall and stay the Seventh Circuit's writ, and submitted his re-filed application to Justice Scalia. Justice Scalia submitted Respondent's re-filed second application to the entire Court, which then issued a ruling denying that application on August 13, 2015.

The Supreme Court granted Respondent's petition for writ of certiorari on October 1, 2015. Shortly thereafter, Respondent filed the instant motion.

## ANALYSIS

The Seventh Circuit's ruling directing the state to either decide within 120 days that it would retry Petitioner or else release him was a "conditional" writ of habeas corpus. The Ninth Circuit explained what a conditional writ is in *Harvest v. Castro*:

> When a court issues a writ of habeas corpus, it declares in essence that the petitioner is being held in custody in violation of his constitutional (or other federal) rights. Given that function of the writ, courts originally confined habeas relief to orders requiring the petitioner's unconditional release from custody. In modern practice, however, courts employ a conditional order of release in appropriate circumstances, which orders the State to release the petitioner unless the State takes some remedial action, such as to retry (or resentence) the petitioner. Such [c]onditional orders are essentially accommodations accorded to the state, in that conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one[.] The consequence when the State fails to replace an invalid judgment with a valid one is always release.

531 F.3d 737, 741-42 (9th Cir. 2008) (internal quotation marks and citations omitted).

4

The issues raised by Respondent's motion are (1) whether the state has to initiate a retrial against Petitioner while the appeal is pending before the Supreme Court, and, if so, (2) whether Respondent has to release Petitioner if the state fails to meet the deadline imposed by the Seventh Circuit. The issue of Petitioner's release is governed by Federal Rule of Appellate Procedure 23, which applies to "*Custody or Release of a Prisoner in a Habeas Corpus Proceeding*," and specifically, Rule 23(c), which applies to "*Release Pending Review of Decision Ordering Release*." Rule 23(c) states as follows:

> While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety.

Federal Rule of Appellate Procedure 23(d) also may speak to the issue before the Court. It relates to "*Modification of the Initial Order on Custody*" and states that:

> An initial order governing the prisoner's custody or release, including any recognizance or surety, continues in effect pending review unless for special reasons shown to the court of appeals or the Supreme Court, or to a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued.

In *Hilton v. Braunskill*, the Supreme Court decided what factors Rule 23 allows "a court to consider in determining whether to release a state prisoner pending appeal of a district court order granting habeas relief." 481 U.S. 770, 772 (1987). The factors the Supreme Court said should be considered are: (1) whether the movant has made a strong showing that he is likely to succeed on the merits;

5

(2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties in the proceeding; and (4) where the public interest lies. *Id.* at 776.

The immediate question here, however, is not how to apply the *Hilton* factors but which court is permitted to apply them and ultimately make the decision required by the rule. Rule 23(c) states that the decision on whether to release a state prisoner while an appeal is pending from an order granting a writ is to be made by one of the following: (1) the court or judge rendering the decision, (2) the court of appeals, (3) the Supreme Court, or (4) a judge or justice of either the court of appeals or the Supreme Court. Since this Court was not the "court or judge rendering the decision," *i.e.,* the court that granted the conditional writ of habeas corpus, this Court does not fit under any of the categories in Rule 23(c) of authorized courts, judges, or justices who may issue an order authorizing Respondent to retain custody over Petitioner rather than release him pending Supreme Court review. Nor does this Court fall within the category of decision-makers given the power under Rule 23(d) to modify the original order governing Petitioner's custody or release, *i.e.,* the decision of the Seventh Circuit. That category includes only "the court of appeals or the Supreme Court, or [ ] a judge or justice of either court."

Despite the indication in Rule 23 that this Court does not have the authority to alter Petitioner's custodial status, Respondent contends that the Court retains the authority to modify its July 29 order denying an extension of the Seventh

6

Circuit deadline. Respondent's current motion, unlike his request for an order in his previous status report to this Court, focuses less on the issue of Respondent's custodial status and more on the issue of whether the writ should be "recalled" pending appeal in the Supreme Court. Respondent states that Petitioner remains in state custody, but that his conviction has been vacated by the state court as a result of the Seventh Circuit's ruling. Respondent therefore seeks an order recalling the writ so that the state can file a motion in state court to reinstate Petitioner's conviction pending a Supreme Court decision on Respondent's appeal from the Seventh Circuit's issuance of the writ. Respondent cites to Rule 60(b), Sup. Ct. R. 36.3(b) and Sup. Ct. R. 36.4 as the sources of this Court's power to issue an order recalling the writ. Respondent also cites to case law discussing a district court's inherent power to issue orders regarding custody of a prisoner. *See, e.g., Gilmore v. Bertrand*, 301 F.3d 581, 583 (7th Cir. 2002) ("Logically, the equitable power of the district court in deciding a habeas corpus petition includes the ability to grant the state additional time beyond the period prescribed in a conditional writ to cure a constitutional deficiency.") (citations omitted).

This Court's inherent power as well as the rules cited by Respondent are circumscribed by Rule 23. In interpreting Rule 23, the Supreme Court has explained that "a court's denial of enlargement [release] to a successful habeas petitioner pending review of the order granting habeas relief has the same effect as the court's issuance of a stay of that order." *Hilton*, 481 U.S. at 775-76. For this reason, the Supreme Court said, courts must look to "the traditional standards

7

governing stays of civil judgments in [federal] courts" to "illuminat[e] the generality of the[ ] terms of Rules 23(c) and (d)." *Id.* at 774.

Under the normal rules regarding stays of appellate decisions, "a district court has no jurisdiction to stay a circuit court's mandate simply to await the outcome of a *certiorari* petition seeking review of the circuit court's decision on appeal." *United States v. Lentz*, 352 F. Supp. 2d 718, 728 (E.D. Va. 2005) (citing 28 U.S.C. § 2101(f), Fed. R. App. P. 41(d)(2) and Sup. Ct. R. 23 for the proposition that "only an appellate court or a justice of the Supreme Court has jurisdiction to stay an appellate court's final judgment pending Supreme Court review of a certiorari petition"). "Moreover, there is no authority to issue such a stay where, as here, the circuit court has already denied [Respondent's] motion for a stay pursuant to [Federal] Rule [of Appellate Procedure] 41(d)(2). . . . In these circumstances, a district court's issuance of a stay would countermand the spirit of the circuit court's mandate remanding the case for further proceedings." *Id.* (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) ("few legal precepts are as firmly established as the doctrine that the mandate of a higher court is controlling as to matters within its compass") (internal quotation marks omitted)). "'The fact that the writ has been called an 'equitable' remedy does not authorize a court to ignore . . . statutes, rules and precedents. . . . Rather, courts of equity must be governed by rules and precedents no less than the courts of law.'" *Harvest,* 531 F.3d at 744 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996)).

Respondent states that, under the Rules that govern proceedings in the United States Supreme Court, the proper place to start seeking a stay is in the district court. But the Supreme Court rules relating to release of a prisoner pending that Court's review of the grant of habeas petition parallel Federal Rules of Appellate Procedure 23(c) and 23(d), and therefore would require Respondent to seek a stay from the Seventh Circuit as the court that issued the original release order.[2] Moreover, the Supreme Court rule regarding stays in general pending appeal in the Supreme Court, Sup. Ct. R. 23, also points to the Seventh Circuit as the "appropriate court" in which Respondent should first seek a stay. *See* Sup. Ct. R. 23.3 ("Except in the most extraordinary circumstances, an application for a stay will not be entertained unless the relief requested was first sought in the appropriate court or courts below or from a judge or judges thereof.").

The procedural history of this case includes multiple motions for a stay that have all been denied — one in the Seventh Circuit and two in the Supreme Court. But Respondent's previous unsuccessful motions were all filed prior to the date on which the Supreme Court granted certiorari. This Court is the first to consider the stay issue after the Supreme Court's grant of certiorari. The Supreme Court's grant

---

[2] *See* Sup. Ct. Rule 36.3(b) ("Pending review of a decision ordering release, the prisoner shall be enlarged on personal recognizance or bail, unless the court, Justice, or judge who entered the decision, or the court of appeals, this Court, or a judge or Justice of either court, orders otherwise."); Sup. Ct. R. 36.4 ("An initial order respecting the custody or enlargement of the prisoner, and any recognizance or surety taken, shall continue in effect pending review in the court of appeals and in this Court unless for reasons shown to the court of appeals, this Court, or a judge or Justice of either court, the order is Rule modified or an independent order respecting custody, enlargement, or surety is entered.").

9

of Respondent's petition for writ of certiorari very well might constitute grounds to re-evaluate the previous orders denying Respondent's request for a stay, particularly as to the effect of the Supreme Court's grant of certiorari on the first factor under *Hilton* regarding Respondent's ability to show likelihood of success on the merits. However, this Court does not have the authority to make this determination. Respondent contends that, given the grant of certiorari, a stay is necessary here to preserve the state's right to seek a retrial should Petitioner's conviction ultimately be upheld by the Supreme Court, while at the same time relieve the state of the burden of having to retry Petitioner before the necessity of a retrial is actually known. Nevertheless, this Court cannot avoid the dictates of Rule 23 as well as the normal rules that apply to stays of appellate decisions and jurisdiction of a district court to enter orders that deviate from the appellate court's mandate. These rules require Respondent to present his motion to the Seventh Circuit, the Supreme Court, or a judge or justice of either of those two courts.

## CONCLUSION

For the foregoing reasons, Respondent's Motion To Recall Writ of Habeas Corpus [R. 176] is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: October 13, 2015

10